J-A26008-23

2024 PA Super 43

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY G. VANCE | : | |
| | : | |
| Appellant | : | No. 2886 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 20, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003484-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

CONCURRING OPINION BY McLAUGHLIN, J.: **FILED MARCH 8, 2024**

The majority opinion astutely disposes of this appeal, and I join in its affirmance. I write separately to explain my slightly different approach to some issues.

Regarding the Google GPS location data, I agree with the majority that under **Commonwealth v. Wallace**, 289 A.3d 894, 908 (Pa. 2022), Vance's hearsay argument lacks merit. I also find Vance's Confrontation Clause challenge likewise meritless. **See** Vance's Br. at 4, 29-32. As in **Wallace**, the GPS data was not the statement of a person but rather the product of the operation of a computer. **Id.** at 904-05. There therefore was no human declarant to subject to "confrontation," since, as the Supreme Court pithily stated in **Wallace**, "a machine cannot be cross-examined." **Id.** at 907.

Moreover, even assuming a pertinent human witness could be identified, the admission of the GPS data here did not contravene Confrontation Clause precedents limiting the clause's applicability to "testimonial statements." **See Ohio v. Clark**, 576 U.S. 237, 243 (2015) (quoting **Crawford v. Washington**, 541 U.S. 36, 54 (2004)).[1] A statement is testimonial if its primary purpose "is to establish or prove past events potentially relevant to a later criminal prosecution." **Commonwealth v. Brown**, 185 A.3d 316, 319 n.3 (Pa. 2018). Here, Google obtained and retained the GPS location data as part of its ordinary business, which is unrelated to criminal prosecutions. Google did not obtain or retain the data primarily for use in a possible criminal case.

Vance also makes an authentication argument regarding the GPS location records. The majority finds them properly authenticated under Pa.R.E. 902(11) "because they were accompanied by a certification provided by Google's custodian of records." Majority Op. at 9-10. To the majority's comments I add only my assessment that the certification met the necessary requirements.

Rule 902(11) provides that "[t]he original or a copy of a domestic record" is properly authenticated if it "meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified

---

[1] **See also Commonwealth v. Yohe**, 79 A.3d 520, 531 (Pa. 2013).

person[.]"[2] Rule 803(6) permits the admission of "records of a regularly conducted activity" over a hearsay objection if certain conditions are met. Subsections (A) through (C) of the rule require that

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity[.]

Pa.R.E. 803(6)(A)-(C).

The certification of Google's custodian of records meets these requirements. In the certification, he states that Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user. He also explains that the data is kept in the course of this regularly conducted activity, and that it was made by regularly

_____

[2] Pa.R.E. 902(11) provides in full:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: . . . (11) Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

conducted activity as a regular practice of Google. Vance's authentication challenge is meritless.[3]

As for Vance's authentication and hearsay arguments against the admissibility of the records custodian's certification, I agree with the majority that any error was at most harmless. As the majority aptly points out, this evidence was not read into the record, or published or otherwise given to the jury. **See** Opinion at 12, n.7. With these additional comments, I join the majority opinion.

Judge Dubow and Judge McLaughlin join the concurring opinion.

_____

[3] Authentication of computer-generated data or reports under Rule 902(11) is proper under the current iteration of the Rules of Evidence and existing precedents. Because the records were permissibly authenticated in this way, there was no need for a determination of the accuracy or reliability of the data as part of the authentication process. **See Wallace**, 289 A.3d at 907 (stating "[t]he best way to advance the truth-seeking process with respect to [computer-generated] 'statements' is not through cross-examination of the machine operator, but through the process of authentication," and noting that Rule 901(9) permits authentication of a "process or system" with "[e]vidence describing a process or system and showing that it produces an accurate result" (citation omitted)). The Supreme Court may need to give further guidance to address the means by which parties may raise the accuracy and reliability concerns identified in **Wallace** when machine-generated data is authenticated as a business record.